IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ANTHONY M. HARRIS                                                                                    PLAINTIFF

              v.                              Civil No. 4:11-cv-04032

BRIAN RUSSELL, Chief of Police,
Prescott City Police Department;
ASHLEY PARKER, Prosecuting
Attorney, Hope, Arkansas; WILLIAM
"BILLY" MORITZ, Public Defender;
and RODRICAS WILLIAMS                                                                         DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Anthony M. Harris brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The complaint was provisionally filed. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation. The complaint and the *in forma pauperis* (IFP) application are before me for pre-service screening.

### I. Background

According to the allegations of the complaint, the Prescott Police Department came to Plaintiff's house and arrested him based on a false statement by Rodricas Williams and no physical evidence. Plaintiff indicates he filed a police report about the conduct of Williams and asked that charges be brought against him. Plaintiff was never contacted by the prosecuting attorney.

According to Plaintiff, he and Williams were involved in a foot chase. At some point, Williams got behind Plaintiff and hit him with a brick in the head. Williams then filed a false police report on Plaintiff which caused him to be locked up.

Plaintiff maintains he was sentenced to a year in the county jail on a misdemeanor charge.

He indicates he has been told he will do a day for a day while at other jails you get two days credit for every day spent in jail. As relief, Plaintiff asks that certain "counts" be taken off his record, more that one day credit for each day he spends in jail, and monetary compensation for all the time he has lost since June of 2009.

Plaintiff also makes a number of allegations regarding his conditions of confinement at the Nevada County Jail. He maintains his rights are being violated by the conditions there.

## II. Discussion

The Plaintiff has filed an application to proceed IFP (ECF No. 1) under 28 U.S.C. § 1915. Pursuant to 28 U.S.C. § 1915(e)(2), the Court has the obligation to screen any complaint in which an individual has sought leave to proceed IFP. 28 U.S.C. § 1915(e)(2).

In reviewing an IFP application, there is a two step process followed by the Court. First, a determination of whether the Plaintiff qualifies by economic status under § 1915(a)(1). Second, a determination of whether the cause of action stated in the complaint is frivolous or malicious and, if so, to dismiss the complaint. *Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982). 28 U.S.C. § 1915(e)(2)(B)(On review, the court is to dismiss the complaint, or any portion of the complaint, that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief).

Review of the IFP application (ECF No. 1) indicates Plaintiff qualifies for IFP status. However, review of the complaint indicates it is subject to pre-service dismissal.

First, in *Baker v. McCollan*, 443 U.S. 137 (1979), the Supreme Court stated:

> The Constitution does not guarantee that only the guilty will be arrested. If it did, § 1983 would provide a cause of action for every defendant acquitted-indeed, for every suspect released. Nor are the manifold procedural protections afforded criminal defendants under the Bill of Rights "without limits." *Patterson v. New York*, 432 U.S. 197, 208, 97 S.Ct. 2319, 2326, 53 L.Ed.2d 281 (1977). "Due process does not require that every conceivable step be taken, at whatever cost, to eliminate the possibility of

> convicting an innocent person." *Ibid.*
>
> The Fourteenth Amendment does not protect against all deprivations of liberty. It protects only against deprivations of liberty accomplished "without due process of law." A reasonable division of functions between law enforcement officers, committing magistrates, and judicial officers-all of whom may be potential defendants in a § 1983 action-is entirely consistent with "due process of law." Given the requirements that arrest be made only on probable cause and that one detained be accorded a speedy trial, we do not think a sheriff executing an arrest warrant is required by the Constitution to investigate independently every claim of innocence, whether the claim is based on mistaken identity or a defense such as lack of requisite intent. Nor is the official charged with maintaining custody of the accused named in the warrant required by the Constitution to perform an error-free investigation of such a claim. The ultimate determination of such claims of innocence is placed in the hands of the judge and the jury

*Baker*, 443 U.S. at 145-46.

Here, Plaintiff was arrested, charges were brought against him, and he was convicted and sentenced to a year in jail. I conclude Plaintiff has stated no claim that his rights under the Due Process Clause have been violated.

Moreover, in *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. 486-87. Plaintiff's conviction has not be set aside or otherwise held to be invalid.

Second, Ashley Parker, the prosecuting attorney, is immune from suit. The United States Supreme Court, in *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and

in presenting the State's case." *Id.*, 424 U.S. at 427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.*, 424 U.S. at 430. *See also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993)(Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity). Based on the allegations of the complaint, it is clear the Defendant Prosecuting Attorney is entitled to absolute immunity. *See also Brodnicki v. City of Omaha*, 75 F.3d 1261 (8th Cir. 1996)(County prosecutors were entitled to absolute immunity from suit).

To the extent the complaint seeks injunctive relief, I find the claim not cognizable. While the Supreme Court has not held that this immunity insulates prosecutors from declaratory or injunctive relief, *see Pulliam v. Allen*, 466 U.S. 522 (1984), a Plaintiff must show some substantial likelihood that the past conduct alleged to be illegal will recur. Plaintiff can make no such showing here. Further, injunctive relief is not appropriate where an adequate remedy under state law exists. *Id.*, 466 U.S. at 542 & n.22; *see also Bonner v. Circuit Court of St. Louis,* 526 F.2d 1331, 1336 (8th Cir. 1975).

Third, to the extent Plaintiff's claims are based on the refusal of the chief of police and the prosecutor to bring criminal charges against Williams, the claims fail. A private citizen has no right to institute criminal prosecution. *See Diamond v. Charles,* 476 U.S. 54, 64-65 (1986); *In re Kaminski,* 960 F.2d 1062, 1064 (D.C. Cir. 1992) (private party lacks judicially cognizable interest in prosecution of another person); *Lopez v. Robinson,* 914 F.2d 486, 494 (4th Cir. 1990); *Cok v. Cosentino,* 876 F.2d 1, 2 (1st Cir. 1989).

Fourth, William Moritz, a public defender, is not subject to suit under § 1983. A § 1983

complaint must allege that each defendant, acting under color of state law, deprived plaintiff of "rights, privileges or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. *DuBose v. Kelly*, 187 F.3d 999 (8th Cir. 1999). Moritz was not acting under color of state law while representing Plaintiff in his criminal proceeding. *Polk County v. Dodson*, 454 U.S. 312, 318 (1981) (public defender does not act under color of state law when performing traditional functions as counsel).

Finally, Williams is not subject to suit under § 1983. "[A] private party's mere invocation of state legal procedures does not constitute state action." *Youngblood v. Hy-Vee Food Stores, Inc.*, 226 F.3d 851, 855 (8th Cir. 2001)(Store employee, who was not employed by the police department, was not a state actor when employee reported suspected shoplifting and detained the shoplifter until police arrived)(*citing Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 939 n. 21 (1982)).

Similarly, a private individual who complains of criminal conduct and is a witness for the prosecution does not act under color of law. *See e.g., Grow v. Fisher*, 523 F.2d 875, 879 (7th Cir. 1975)("The mere fact that the individual defendants were complainants and witnesses in an action which itself was prosecuted under color of law does not make their complaining or testifying other than what it was, *i.e.,* the action of private persons not acting under color of law."); *Rodgers v. Lincoln Towing Service, Inc.*, 596 F. Supp. 13, 21 (N.D. Ill. 1984), *aff'd*, 771 F.2d 194 (7th Cir. 1985)(A private citizen does not act under color of law when reporting a crime). It is clear Williams cannot be sued under § 1983 because he is a private citizen, not acting under color of state law.

Plaintiff also makes a variety of statements about the conditions under which he is held in the Nevada County Jail in Prescott, Arkansas. None of the named Defendants work at the jail or have any control over the treatment of inmates there. No claim has been stated against the Defendants

with respect to the conditions at the jail.

### III. Conclusion

I therefore recommend that the IFP application (ECF No. 1) be denied and this complaint dismissed prior to service of process. 28 U.S.C. § 1915(e)(2). The Clerk should be directed to send Plaintiff a set of forms that can be utilized to file a § 1983 if he intends to pursue an action concerning the conditions under which he is confined.

**Plaintiff has fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 6th day of February 2012.

/s/ Barry A. Bryant  
HON. BARRY A. BRYANT  
UNITED STATES MAGISTRATE JUDGE